IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN JOSEPH HOFFMEISTER, HOFFMEISTER HOMES, INC. a Nebraska Corporation, | ) ) ) | Case No.:  4:23-cv-03094 |
| | ) | |
| Plaintiffs, | ) ) | DEFENDANTS' CITY OF SCRIBNER'S AND KENNETH |
| vs. | ) ) | W. THOMAS' ANSWER |
| THE CITY OF SCRIBNER, NEBRASKA, a political subdivision of the State of Nebraska, KENNETH W. THOMAS, in his Official Capacity as Mayor of Scribner, Nebraska, | ) ) ) ) ) ) ) | |
| Defendants. | | |

Defendants, the City of Scribner and Kenneth W. Thomas, for their Answer to Plaintiffs' Complaint:

1.   Admit that Plaintiff John J. Hoffmeister ("Joseph") is an individual but are without sufficient information to admit or deny the remaining allegations in paragraph 1 of Plaintiffs' Complaint for which reason they are denied.

2.   Admit based upon information and belief that Plaintiff Hoffmeister Homes, Inc. is a Nebraska Corporation but are without sufficient information to admit or deny the remaining allegations in paragraph 2 of Plaintiffs' Complaint for which reason they are denied.

3.   Admit paragraph 3 of Plaintiffs' Complaint.

4.   Admit that Kenneth Thomas is the Mayor of Scribner, Nebraska and was the Mayor at all times relevant to the allegations contained in the Complaint. Deny the remainder of the allegations in paragraph 4 of Plaintiffs' Complaint.

5.   Defendants admit this Court has subject matter jurisdiction over the claims Plaintiffs purport to assert.

6.   Defendants admit this Court has personal jurisdiction over the claims Plaintiffs purport to assert.

7.   Defendants admit venue is proper in the District Court of Nebraska pursuant to 28 U.S.C. §1391(b) as it pertains to the claims Plaintiffs purport to assert.

8.   Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 8 of Plaintiffs' Complaint, for which reason they are denied.

9.   Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 9 of Plaintiffs' Complaint, for which reason they are denied.

10. Defendants are without sufficient information to either admit or deny the remaining allegations contained in paragraph 10 of Plaintiffs' Complaint, for which reason they are denied.

11. Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 11 of Plaintiffs' Complaint, for which reason they are denied.

12. Defendants admit Joseph indicated at an informational meeting held on February 5, 2018 that he intended to operate the Facility as an assisted living home for disabled individuals of all ages, including disabled individuals under the age of 65 and individuals needing respite care.

13. Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 13 of Plaintiffs' Complaint, for which reason they are denied.

14. Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 14 of Plaintiffs' Complaint, for which reason they are denied.

15. Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 15 of Plaintiffs' Complaint, for which reason they are denied.

16. Admit that Kathy Lodl ("Lodl"), Economic Development Director, received a call from Joseph on January 11, 2018 indicating he was in process of signing a contract with Good Samaritan and was interested in meeting with the Mayor and City Council to discuss his plans for the facilities. Defendants deny the remainder of paragraph 16 of Plaintiffs' Complaint.

17. Admit that Martin Koopman ("Koopman") served as the chairman for the City of Scribner's Nursing Home Task Force ("Task Force") but deny the remainder of paragraph 17 of Plaintiffs' Complaint.

18. Admit that the members of the Task Force were appointed by Mayor Thomas. Deny the remainder of Paragraph 18 of the Plaintiffs Complaint.

19. Deny paragraph 19 of Plaintiffs' Complaint.

20. Deny paragraph 20 of Plaintiffs' Complaint.

21. Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 21 of Plaintiffs' Complaint, for which reason they are denied.

22. Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 22 of Plaintiffs' Complaint, for which reason they are denied.

23. Admit that on February 4, 2018, Lodl invited Joseph to attend an informational meeting to be held on February 5, 2018 after Joseph called Lodl inquiring about arranging a meeting with the Mayor and City Council. Deny the remainder of the allegations contained in Paragraph 23 of the Plaintiffs' Complaint.

24. Admit that Joseph and Angel Alvarez ("Alvarez") attended the Task Force meeting held on February 5, 2018, but deny the remainder of paragraph 24 of Plaintiffs' Complaint.

25. Admit approximately 12-14 people attended the informational meeting, including Mayor Thomas, Koopman, some Task Force members, Lodl and other interested community members. Deny the remainder of paragraph 25 of Plaintiffs' Complaint. Defendant asserts the February 5, 2018 meeting was an informational meeting and no one in attendance had authority to take official action on behalf of the City, including the Mayor, Koopman, any Task Force members or Lodl.

26. Admit that individuals present at the informational meeting may have introduced themselves as Mayor or a City Council member at the beginning of the meeting, but deny any such individuals indicated or were attending in their official capacity or had the authority to take official action on behalf of the City.

27. Deny paragraph 27 of Plaintiffs' Complaint.

28. Admit the City is aware of a letter from Good Samaritan dated January 31, 2018 announcing the transfer of ownership of Elkhorn Valley Villa to Hoffmeister Homes, Inc. Deny the remainder of the paragraph 28 of Plaintiffs' Complaint.

29. Admit Koopman spoke during the February 5, 2018 meeting, but are without sufficient information to either admit or deny the remaining allegations contained in paragraph 29 of Plaintiffs' Complaint, for which reason they are

denied. Defendants allege Koopman did not have the ability or authority to represent the City's or Mayor's position or take official action on behalf of the Mayor or City during the meeting.

30. Admit paragraph 30 of Plaintiffs' Complaint.

31. Admit Koopman spoke during the February 5, 2018 meeting, but are without sufficient information to either admit or deny the remaining allegations contained in paragraph 31 of Plaintiffs' Complaint, for which reason they are denied. Defendants allege Koopman did not have the ability or authority to represent the City's or Mayor's position or take official action on behalf of the Mayor or City during the meeting.

32. Admit that Joseph offered meeting attendees the opportunity to visit his facility in Genoa, Nebraska, but deny the remainder of paragraph 32 of Plaintiffs' Complaint.

33. Admit paragraph 33 of Plaintiffs' Complaint.

34. Admit paragraph 34 of Plaintiffs' Complaint.

35. Admit Joseph spoke about how he would use the facility. Defendants are without sufficient information to either admit or deny the remaining allegations contained in paragraph 35 of Plaintiffs' Complaint, for which reason they are denied.

36. Admit Koopman spoke during the February 5, 2018 and made a statement of not wanting any of those people in the town, but are without sufficient information to either admit or deny the remaining allegations contained in paragraph 36 of Plaintiffs' Complaint, for which reason they are denied. Defendants allege Koopman did not have the ability or authority to represent the City's or Mayor's position or take official action on behalf of the Mayor or City during the meeting.

37. Admit Koopman spoke during the February 5, 2018 meeting and made statements about the City not wanting or being able to hire additional police officer. Defendants are without sufficient information to either admit or deny the remaining allegations contained in paragraph 37 of Plaintiffs' Complaint, for which reason they are denied. Defendants allege Koopman did not have the ability or authority to represent the City's or Mayor's position or take official action on behalf of the Mayor or City during the meeting.

38. Admit Koopman spoke during the February 5, 2018 meeting. Defendants are without sufficient information to either admit or deny the remaining allegations contained in paragraph 38 of Plaintiffs' Complaint, for which reason

they are denied. Defendants allege Koopman did not have the ability or authority to represent the City's or Mayor's position or take official action on behalf of the Mayor or City during the meeting.

39. Admit Mayor Thomas said the facility had been used for senior housing. Deny the remainder of paragraph 39 of Plaintiffs' Complaint. Defendants allege Mayor Thomas did not have the authority to accept or deny zoning applications for the City and did not state he would not give a permit to operate.

40. Deny paragraph 40 of Plaintiffs' Complaint.

41. Deny paragraph 41 of Plaintiffs' Complaint.

42. Deny paragraph 42 of Plaintiffs' Complaint.

43. Deny paragraph 43 of Plaintiffs' Complaint.

44. Admit the meeting lasted approximately two hours but deny the remainder of paragraph 44 of Plaintiffs' Complaint.

45. Deny paragraph 45 of Plaintiffs' Complaint.

46. Admit the City received a letter dated April 16, 2018 requesting public records including any communication with Joseph Hoffmeister, any record of the February 5, 2018 meeting of the City Council or City officials or employees, a copy of any building, zoning or planning records maintained by the City for 815 Logan Street in Scribner, and a complete copy of any building, zoning or planning records maintained by the City for 150 Poppe Drive in Scribner.  Defendants deny the remainder of Paragraph 46 of Plaintiffs' Complaint.

47. Deny paragraph 47 of Plaintiffs' Complaint.  Defendants allege the City's attorney responded to the public records request informing the sender there were no responsive records.

48. Deny Paragraph 48 of Plaintiffs' Complaint.

49. Deny Paragraph 49 of Plaintiffs' Complaint.

50. Based upon information and belief, Defendants admit Good Samaritan Society sold the facility to Wallen Properties, LLC.  Defendants are without sufficient information to either admit or deny the remaining allegations contained in paragraph 50 of Plaintiffs' Complaint, for which reason they are denied.

51. Deny paragraph 51 of Plaintiff's Complaint.

52. Admit that Plaintiffs dually filed an amended housing discrimination complaint with the Department of Housing and Urban Development and the Nebraska Equal Opportunity Commission on or about May 22, 2019. Defendants are without sufficient information to either admit or deny the remaining

allegations contained in paragraph 52 of Plaintiffs' Complaint, for which reason they are denied.

53. Admit that Plaintiffs' housing discrimination complaint alleged violations under §§804(c), 804(b), or (f), 804(a), and 804(a)/(b) of Title VIII of the Civil Rights Act of 1968 as amended by the Fair Housing Act of 1988, but deny that the City or Mayor Thomas violated these or any other statutory provisions.

54. Admit that the NEOC released a Commission Determination on November 19, 2021, but deny the remainder of paragraph 54 of Plaintiffs' Complaint.

55. Admit that the NEOC determined that there was reasonable cause to believe that discrimination took place and issued a Determination and Charge pursuant to Neb. Rev. Stat. §20-333 of the Nebraska Fair Housing Act, but deny the remainder of paragraph 55 of Plaintiffs' Complaint.

56. Deny paragraph 56 of Plaintiffs' Complaint.

57. Deny paragraph 57 of Plaintiffs' Complaint.

58. Deny paragraph 58 of Plaintiffs' Complaint.

59. Deny paragraph 59 of Plaintiffs' Complaint.

60. Deny paragraph 60 of Plaintiffs' Complaint.

61. Paragraph 61 of Plaintiffs' Complaint constitutes a legal conclusion to which no response is required.

62. Defendants admit the Nebraska Attorney General did not file a lawsuit on behalf of Plaintiffs. Allege that the remainder of paragraph 62 of Plaintiffs' Complaint constitutes a legal conclusion to which no response is required.

63. Admit that the NEOC issued an Administrative Dismissal on February 18, 2022 which was to take effect fifteen days from the receipt of the determination, but deny the remainder of paragraph 63 of Plaintiffs' Complaint.

64. Defendants are without sufficient information to either admit or deny the allegations contained in paragraph 64 of Plaintiffs' Complaint, for which reason they are denied.

65. Paragraph 65 of Plaintiffs' Complaint constitutes a legal conclusion to which no response is required.

66. Paragraph 66 of Plaintiffs' Complaint constitutes a legal conclusion to which no response is required.

67. Paragraph 67 of Plaintiffs' Complaint constitutes a legal conclusion to which no response is required.

68. Paragraph 68 of Plaintiffs' Complaint constitutes a legal conclusion to which no response is required.

69. Paragraph 69 of Plaintiffs' Complaint constitutes a legal conclusion to which no response is required.

70. Deny paragraph 70 of Plaintiffs' Complaint.

71. Admit Mayor Thomas appointed individuals to the Task Force. Deny the remainder of Paragraph 71 of the Plaintiffs' Complaint.

72. Deny paragraph 72 of Plaintiff's Complaint.

73. Paragraph 73 of Plaintiffs' Complaint constitutes a legal conclusion to which no response is required.

74. Deny paragraph 74 of Plaintiffs' Complaint.

75. Deny paragraph 75 of Plaintiffs' Complaint.

76. Deny paragraph 76 of Plaintiffs' Complaint.

77. Deny paragraph 77 of Plaintiffs' Complaint.

78. Deny paragraph 78 of Plaintiffs' Complaint.

79. Deny paragraph 79 of Plaintiffs' Complaint.

80. Deny paragraph 80 of Plaintiffs' Complaint.

81. Deny paragraph 81 of Plaintiffs' Complaint.

82. Deny paragraph 82 of Plaintiffs' Complaint.

83. Deny Plaintiffs are entitled to any damages alleged in their Prayer for Relief or any other damages sought in the above-captioned matter.

## GENERAL DENIAL

84. Defendants deny each and every allegation contained in Plaintiffs' Complaint except those previously and expressly admitted.

## AFFIRMATIVE DEFENSES

Defendants hereby assert the following additional or affirmative defenses to Plaintiffs' Complaint, and reserve the right to amend this Answer to assert any other defenses that may become available to the fullest extent allowed by law and the Court. By raising these defenses Defendants do not waive any argument that it is Plaintiffs, not Defendants, who bear the burden of proof on the applicability, existence, or proof of any stated defense—that is, by listing the defenses below Defendants do not assume a burden that they would not otherwise bear.

85. Defendants allege Plaintiffs' Complaint fails to state a claim upon which relief can be granted against Defendants.

86. Defendants allege Plaintiffs have failed to satisfy the conditions precedent and failed to exhaust the necessary administrative process for all or part of their claims as required by law.

87. Defendants allege Plaintiffs did not submit an application for a zoning permit to the City even after being instructed one was necessary and, as such, cannot meet their prima facie case of housing discrimination.

88. Defendants allege that Plaintiffs' claims are barred in whole or part by Plaintiffs' failure to mitigate their damages, if any, as required by law. To the extent Plaintiffs have mitigated their alleged damages, Defendants are entitled to offset those amounts from any alleged damages.

89. Defendants allege Plaintiffs' cause of action is barred by the applicable statute of limitations.

90. Plaintiffs' claims are barred, in whole or part, because all of Defendants' actions or inactions concerning Plaintiffs complied with all relevant and applicable laws and were based on legitimate and non-discriminatory reasons and neither Plaintiffs' association with individuals with disability nor any other protected characteristic was a motivating, determinative, or any other factor in Defendants' actions and/or inactions with regard to Plaintiffs.

91. Defendants allege Plaintiffs are not entitled to punitive damages as Defendants did not at any time act with malice or reckless indifference.

92. Defendants allege Plaintiffs failed to satisfy the conditions precedent to the Nebraska Political Subdivisions Tort Claims Act pursuant to Neb. Rev. Stat. §§ 13-905 and 13-906.

93. Defendants are entitled to sovereign immunity pursuant to Neb. Rev. Stat. §§ 13-902 and 13-910(4).

94. Upon information and belief, Plaintiffs' claims are barred in whole or in part, by the doctrines of unclean hands, estoppel, acquiescence, waiver, and/or latches.

Defendants reserve the right to amend their Affirmative Defenses as may come available or apparent during discovery proceedings in this case.

WHEREFORE, Defendants request that Plaintiffs' Complaint be dismissed at Plaintiffs' costs.

CITY OF SCRIBNER, Defendant,

By:    Baylor Evnen Wolfe & Tannehill, LLP
Union Bank Place
1248 "O" Street, Suite 900
Lincoln, NE 68508
402/475-1075
sfoster@baylorevnen.com
cschmidt@baylorevnen.com

By:    */s/ Susan M. Foster*
Susan M. Foster, # 24192
Christopher M. Schmidt, # 26096

4348990